**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNARD F. CLARK,<br><br>        Plaintiff,<br><br>  v.<br><br>PREMIER ONE FUNDING, INC.,<br>GREENPOINT MORTGAGE FUNDING,<br>INC., DOES 1 through 50,<br>inclusive,<br><br>        Defendants. | 1:09-cv-1998 OWW GSA<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Defendants' Response to Complaint Filing Deadline: 4/5/10<br><br>Plaintiff's Scheduling Conference Statement Filing Deadline: 4/9/10<br><br>Further Scheduling Conference: 4/16/10 8:15 Ctrm. 3 |

I.  Date of Scheduling Conference.

    March 25, 2010.

II. Appearances Of Counsel.

    Bernard F. Clark appeared in pro se via telephone conference.

    Severson & Werson by Philip Barilovits, Esq., appeared via telephone conference on behalf of Defendants Countrywide Home Loans, Inc., ReconTrust Company, and Bank of American, N.A.

III. Summary of Pleadings.

    1.   Plaintiff brings this lawsuit relating to a defaulted

1

mortgage loan, claiming that a variety of Defendants breached various state and federal statutes and committed various torts. Although it is difficult to ascertain in many instances exactly what Plaintiff is alleging, he seems to allege that no foreclosure can take place because no Defendant has the original note (Compl., ¶ 12); that he should not have been given the loan due to his financial abilities (*id.*, ¶¶ 28, 85); that he did not really have time to read the loan documents at the time of the origination (*id.*, ¶¶ 81-86); and that the nationwide mortgage industry is in crisis (*id.*, ¶¶ 67-72).

2.   As set forth in Defendants' motion to dismiss and supporting documents, on or about July 26, 2007, Plaintiff obtained a mortgage loan from First Magnus Financial Corp. in the amount of $360,000 (the "Mortgage Loan").  Request for Judicial Notice filed in Support of Motion to Dismiss ("RJN"), Ex. A (Deed of Trust).  The Mortgage Loan was secured by the property at 12689 Mt. Jefferson Street, Groveland, California.  *Id.*  The Deed of Trust on the property states that the "Note or a partial interest in the Note (together with this Security Interest) can be sold one or more times without prior notice to the Borrower." *Id.*, ¶ 20.

3.   In addition, Plaintiff explicitly agreed to have Mortgage Electronic Registration Systems, Inc. ("MERS"), act as the beneficiary under the Deed of Trust.  The agreement provides that "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successor and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property...."

1 | *Id.*, p. "3 of 15."
2 |     4.   After Plaintiff defaulted on his mortgage, a Notice of
3 | Default was recorded in Tuolumne County on January 27, 2009.
4 | RJN, Ex. B.  Along with the Notice of Default was filed a
5 | declaration, pursuant to Cal. Civ. Code § 2923.5, stating that
6 | Countrywide Home Loans, Inc. ("Countrywide"), which had been
7 | assigned the loan, (Compl., ¶ 12) had tried with due diligence to
8 | contact the borrower in accordance with that statute.  *Id.*  When
9 | the default was not cured, a Notice of Trustee's Sale was
10 | recorded on May 1, 2009.  RJN, Ex. C.  On the same date, a
11 | substitution of trustee naming ReconTrust Company was filed in
12 | Tuolumne County.  RJN, Ex. D.
13 |     5.   Defendants do not believe Plaintiff has stated a single
14 | valid claim and request that the entire complaint be dismissed
15 | without leave to amend.

IV.  Further Scheduling Conference.

17 |     1.   It has been explained that Mr. Clark was unable to
18 | communicate with Defendants for this conference.  Accordingly, he
19 | shall have an additional 15 days to provide his input to the
20 | Joint Scheduling Report.
21 |     2.   Mr. Clarke's submission shall be on or before April 9,
22 | 2010.  This Scheduling Conference is continued to April 16, 2010,
23 | at 8:15 a.m.  The parties may appear telephonically.
24 |     3.   It is further ordered that the Defendants shall have
25 | through and including April 5, 2010, to file a response to the
26 | Complaint.

1  IT IS SO ORDERED.

2  Dated:   March 25, 2010                         /s/ Oliver W. Wanger
                                                 UNITED STATES DISTRICT JUDGE