1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD F. CLARK,

                    Plaintiff,

          v.

COUNTRYWIDE HOME LOANS, INC.,
et al.,

                    Defendants.

1:09-CV-01998-OWW-GSA

MEMORANDUM DECISION AND ORDER RE
COUNTRYWIDE HOME LOANS, INC.,
RECONTRUST COMPANY, BANK OF
AMERICA, N.A., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., (erroneously sued as MERS,
INC., Chase Home Finance

## I.  INTRODUCTION

On or about August 2, 2007, Plaintiff Bernard F. Clark
obtained a mortgage loan in the amount of $360,000 secured by a
deed of trust encumbering real property in Groveland, California.
Plaintiff defaulted on the loan, and Defendants proceeded to
foreclose on the real property.  Defendant's Request for Judicial
Notice ("RJN"), Exs. B-D.

On August 24, 2009, Plaintiff filed a complaint in the
Superior Court of the State of California, County of Tuolumne,
alleging ten causes of action.  Doc. 1.  On November 12, 2009,

1

Defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441, based on federal question jurisdiction. *Id*.  Plaintiff's amended complaint, filed March 17, 2010, alleges 17 causes of action: (1) Fraud; (2) Breach of Loan Commitment; (3) Negligence; (4) Breach of Good Faith; (5) Breach of Fiduciary Duty; (6) Economic Duress; (7) Civil RICO; (8) Cal. Civ. Code § 2923.5; (9) Cal. Civ. Code § 2923.6; (10) California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code. §§ 1788.17; (11) Cal. Civ. Code § 1572; (12) Real Estate Settlement Procedures Act ("RESPA"), (12) U.S.C. § 2607(b); (13) Quiet Title; (14) Unfair business practices, Cal. Bus. Prof. Code §§ 17200, et seq.; (15) Produce the Original Note; (16) Cal. Civ. Code § 1572; (17) Injunctive Relief.  Doc. 16.

On April 5, 2010, Defendants Countrywide Home Loans, Inc. ("Countrywide"), ReconTrust Company ("ReconTrust"), Bank of America, N.A. ("BANA"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS"), (collectively "Countrywide Defendants") moved to dismiss all of the claims in the case pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 24.  Plaintiff opposed the motion to dismiss.  Doc. 31, filed June 1, 2010. Countrywide Defendants replied.  Doc. 33, filed June 7, 2010. Defendant Chase Home Finance, LLC.[1] ("Chase") filed a separate motion to dismiss on June 22, 2010.  Doc.  36.  Plaintiff filed

---

[1]  Although Chase was named as a Defendant to this action, no claim specifically refers to Chase.

2

an opposition to Countrywide Defendants' reply[2] and an opposition

to Chase's motion to dismiss.[3]  Doc. 38, filed July 21, 2010.

Chase replied.[4]  Doc. 39.

## II.  <u>LEGAL STANDARD</u>

A motion to dismiss brought under Federal Rule of Civil

Procedure 12(b)(6) "tests the legal sufficiency of a claim."

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding

whether to grant a motion to dismiss, the court "accept[s] all

factual allegations of the complaint as true and draw[s] all

reasonable inferences" in the light most favorable to the

nonmoving party.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.

1999).  To survive a motion to dismiss, a complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v.

Twombly*, 550 U.S. 544, 570 (2007)).

---

[2]  The local rules do not permit Plaintiff to file an opposition to Countrywide Defendants' reply.  *See* Local Rule 230 (Fed. R. Civ. P 78).
[3]  Plaintiff's opposition to Chase's motion to dismiss largely restates previous arguments and nowhere refers specifically to Chase or Chase's motion to dismiss.  It also contains various incorrect statements, including that "the motion to dismiss intentionally skips any answer to the concerted fraud committed to the plaintiff...."  Doc. 38 2:12-13.  This is inaccurate, as Chase addressed the fraud claim in detail in its motion to dismiss.  Doc. 36 at 3-5.
[4]  Chase claims that it did not receive an opposition or statement of non-opposition to the motion to dismiss and that neither are present on the docket.  Chase is mistaken, as Doc. 38, which is titled an "opposition" to Countrywide Defendants' reply, contains Plaintiff's opposition to Chase's motion to dismiss.  However, Document 38 was filed on July 21, 2010, two days after the July 19, 2010 deadline for the filing of his opposition to Chase's motion.  Plaintiff dated the document July 19, 2010, but gives no explanation as to why it was not filed with the Clerk of court on that date.

3

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. 556-57).  Dismissal also can be based on the lack of a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.   BACKGROUND

On or about July 26, 2007, Plaintiff financed the purchase of a residential property located at 12689 Mt. Jefferson Street, Groveland, California ("Subject Property") through a promissory note with First Magnus Financial Corp. ("First Magnus") in the amount of $360,000 ("Subject Loan") secured by a deed of trust. Doc. 16 at ¶ 9.  Plaintiff later defaulted on the Subject Loan. On January 27, 2009, a Notice of Default and Election to Sell Under Deed of Trust, Instrument No. 2007013088, was recorded in the Office of the County Recorder of Tuolumne County.  Doc. 16 at ¶ 21.  The default was not cured, and on May 1, 2009, a notice of trustee's sale, Instrument No. 2009005160, was also recorded. *Id.*

Plaintiff alleges that (1) no Defendant has the original note to prove that it is a party authorized to conduct the

4

foreclosure (Doc. 16 at ¶ 24); (2) Defendants breached an oral promise to modify the existing loan terms (Doc. 16 at ¶ 31); and (3) Plaintiff was not contacted to explore his financial situation prior to notice of default (Doc. 16 at ¶ 156-160). These allegations form the basis of most of Plaintiff's causes of action.

## IV.   ANALYSIS

### A. Constructive or Actual Fraud

Plaintiff's first cause of action alleges fraud by each Defendant.  This claim is based largely on the allegation that "each Defendant has represented to Plaintiff and to third parties that they were the owner of the Trust Deed and Note as either the Trustee or the beneficiary regarding ... Possession of the Note is not incidental to the right to foreclose, it is absolutely necessary."  Doc. 16 at ¶ 34.  This is a wholly discredited legal theory serially advanced in mortgage fraud cases.

It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note. *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009); *Candelo v. NDEX West, LLC*, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan 5, 2009)("Production of the original note is not required to proceed with a non-judicial

foreclosure.").  Therefore, Plaintiff's assertion that Countrywide Defendants and Chase did not possess the note is not grounds for a wrongful foreclosure or a fraud claim.

Plaintiff also alleges that the "broker" committed fraud by placing him in a sub-prime mortgage "on the promise that things would get better and the borrower could refinance when the value of their home increases."  Doc. 1 ¶ 39.  All claims for fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that Plaintiff clearly set forth the "who, what, when, where, and how" concerning their fraud allegations.  *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Plaintiff entirely fails to describe which of the many defendants was the "broker," what the broker told him, and when and how any such statements were made.

Plaintiff has been previously afforded leave to amend the fraud claim.  The fraud cause of action against the Countrywide Defendants and Chase is DISMISSED WITH PREJUDICE.

B. Breach of Loan Commitment

Plaintiff's second cause of action alleges a breach of loan commitment against MERS and First Magnus.  This allegation is based on supposed oral promises made by First Magnus to modify the loan and a breach of those promises.  Doc. 16 at ¶ 127.  Plaintiff further alleges that MERS is liable as a nominee of the lender who breached a contract.  Doc. 16 at ¶ 128.  As "breach of

6

loan commitment" is not a cognizable legal claim, Plaintiff's claim is analyzed as a breach of contract claim.  The elements for a breach of contract are: (1) the existence of a valid contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendants' breach, and (4) resulting damage.  *McKell v. Washington Mutual*, Inc. 142 Cal. App. 4th 1457, 1489 (2006).

Certain types of contracts are invalid unless memorialized by a written document signed by the party against whom the contract is being enforced.  Cal. Civ. Code § 1624.  Mortgages and deeds of trust are subject to the statute of frauds.  *Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552 (2008).  "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds" and must be in writing.  *Id.* at 553; *see also Basham v. Pac. Funding Group*, 2010 WL 2902368 (E.D. Cal. July 22, 2010)(dismissing a claim that defendant breached an oral contract to provide plaintiffs with a loan modification because, under the statute of frauds, "absent a writing, there can be no contract, much less a breach of contract."); *Justo v. Indymac Bancorp, et al.*, 2010 WL 623715 (E.D. Cal. Feb. 19, 2010)(plaintiff's claim that defendants breached an oral contract to modify his loan and cancel the foreclosure sale was barred by the statute of frauds).  A written contract may not be modified by an oral agreement,

unless that oral agreement is memorialized in writing and signed by the parties.  Cal. Civ. Code § 1698.

Here, the alleged promise for a loan modification is subject to the statute of frauds.  Absent a written agreement to modify the loan, any claim based upon an oral contract to modify the loan is barred by the statute of frauds.  *See Secrest*, 167 Cal. App. 4th at 552.

At oral argument, Plaintiff claimed that Countrywide promised him that if he brought the loan current, they would modify his loan.  Plaintiff further claims that, in reliance on this promise, he obtained money (approximately $8,000) to bring the loan current, but Countrywide refused the loan modification.  Although Plaintiff cannot state a breach of contract claim based upon this conduct, he may be able to state a claim for fraud.  In California, the elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.  *Small v. Fritz Companies*, Inc., 30 Cal. 4th 167, 173 (2003).  Upon removal to federal court, all claims for fraud must be pled with sufficient particularity to satisfy Federal Rule of Civil Procedure Rule 9(b).  "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement ... is a federally imposed rule."  *Vess*, 317 F.3d at

1103).

The Countrywide Defendants' motion to dismiss the second cause of action is GRANTED WITH LEAVE TO AMEND.  Plaintiff shall have one final opportunity to amend his complaint to state a fraud claim based upon the conduct discussed at oral argument.

## C. Negligence

Plaintiff alleges negligence against First Magnus and BANA. The claim against BANA is based solely upon BANA's violation of RESPA.  Doc. 16 at ¶¶ 129-132.  Plaintiff further alleges that he sent a Qualified Written Request ("QWR") to BANA and the reply was untimely.

To establish a negligence claim, "it must be shown that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the breach was a proximate or legal cause of the plaintiff's injuries.  The absence of any one of these three elements is fatal to a negligence claim." *Gilmer v. Ellington,* 159 Cal. App. 4th 190, 195 (2008) (internal citation omitted).  "Financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1096 (1991).  As BANA owes no duty to the Plaintiff, Plaintiff cannot assert a claim of negligence against BANA.

To the extent Plaintiff's negligence claim can be interpreted as a stand-alone claim under RESPA against BANA, Plaintiff has not alleged how BANA failed to respond to the QWR. RESPA requires:

> if any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondent within 20 days ... unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A).  Here, Plaintiff admits that BANA did respond to the QWR, but contends that the response was untimely. However, Plaintiff fails to provide any other details regarding the QWR and the "untimely" response.  Plaintiff did not request leave to amend the negligence claim.  Countrywide Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

D. <u>Breach of Fiduciary Duty</u>

As a general rule, a financial institution owes no duty of care to a borrower where the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money.  *Nymark v. Hart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).  There is no fiduciary relationship between Plaintiffs and any defendant.  Accordingly, the Countrywide Defendants' motion to dismiss the fiduciary duty claim is GRANTED WITHOUT LEAVE TO AMEND.

10

**E. Breach of Implied Covenant of Good Faith and Fair Dealing**

The implied covenant of good faith and fair dealing exists in every contract.  The implied covenant "is aimed at making effective the agreement's promises." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390 (2000).  "Broadly stated, that covenant requires that neither party do anything which will deprive the other of the benefits of the agreement." *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85 (1995).

A tortuous breach of the covenant of good faith and fair dealing claim is limited to situations in which a fiduciary or special relationship exists. *Mitsui Manuf. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730 (1989).  As no fiduciary relationship exists here, the Countrywide Defendants' motion to dismiss this cause of action is GRANTED WITHOUT LEAVE TO AMEND to the extent it alleges tortuous breach of contract.  If it is meant to allege a breach of contract claim, a sufficient independent breach of contract claim must be stated.

**F. Economic Duress**

Plaintiff's sixth claim against all Defendants is for "economic duress."  Plaintiff asserts this claim on the grounds that Countrywide made an oral promise to the Plaintiff to modify the loan.  Doc. 16 at ¶¶ 143-148.

A party's consent to a contract must be freely given.  Cal. Civ. Code § 1565.  Apparent consent is not free when obtained

through duress, menace, fraud, undue influence, or mistake. §
1567.  "Duress generally exists whenever one is induced by the
unlawful act of another to make a contract or perform some act
under circumstances that deprive him of the exercise of free
will.  *Tarpy v. County of San Diego,* 110 Cal. App. 4th 267, 276
(2003).  Economic duress does not necessarily involve an unlawful
act, but may arise from "the doing of a wrongful act which is
sufficiently coercive to cause a reasonably prudent person faced
with no reasonable alternative to succumb to the perpetrator's
pressure."  *Rich & Whillock, Inc. v. Ashton Development, Inc.,*
157 Cal. App. 3d 1154, 1158 (1984).  Examples of such "wrongful
acts" include "[t]he assertion of a claim known to be false or a
bad faith threat to breach a contract or to withhold a
payment...."  *Id.* at 1159.

       Here, Plaintiff's claim of economic duress is that
defendants proceeded with the foreclosure sale in violation of an
oral promise that they would not do so if Plaintiff "brought the
loan current."  Doc. 1 ¶¶ 146-147.  This is an allegation of
breach of oral contract, not of economic duress.  He also
complains that the parties never assigned the deed to one
another, an invocation of the "failure to hold the original
promissory note" theory, which is meritless.  Plaintiff has
failed to plead a claim for economic duress.

       Plaintiff did not request leave to amend the claim for

economic duress.  Countrywide Defendants' motion to dismiss the

Economic Duress claim is GRANTED WITHOUT LEAVE TO AMEND.

G. <u>Civil RICO</u>

     The seventh cause of action is a Civil RICO claim against

all Defendants.  18 U.S.C. § 1962 provides in pertinent part:

> (c) It shall be unlawful for any person employed by or
> associated with any enterprise engaged in or the
> activities of which effect, interstate or foreign
> commerce, to conduct or participate, directly or
> indirectly, in the conduct of such enterprise's affairs
> through a pattern of racketeering activity or
> collection of unlawful debt.

     "A civil RICO complaint must at least allege: '(1) conduct

(2) of an enterprise (3) through a pattern (4) of racketeering

activity (known as "predicate acts") (5) causing injury to

plaintiff's "business or property." ' " *Flores v. Emerich & Fike,*

416 F. Supp. 2d 885, 911 (E.D. Cal. 2006).  A civil RICO claim

must also comply with Rule 9(b)'s particularity requirement.  *Id.*

at 912.

     Plaintiff essentially alleges that every defendant was aware

that the notice of default was invalid and that every defendant

either participated in or rendered substantial assistance in the

issuance of the invalid notice.  These allegations are not

remotely sufficient to support of a Civil RICO violation.

Plaintiff did not request leave to amend the Civil RICO claim.

Countrywide Defendants' and Chase's motions to dismiss the Civil

RICO claim are GRANTED WITHOUT LEAVE TO AMEND.

**H. Cal. Civ. Code §§ 2923.5 & 2923.6.**

Plaintiff alleges that Countrywide and ReconTrust failed to comply with California Civil Code §§ 2923.5 (requiring lenders to contact borrower prior to filing notice of default), Doc. 16 at ¶ 156-160, and that all Defendants failed to comply with 2923.6 (requiring certain waiting periods prior to giving notice of sale). There is no private right of action under either provision. *Gaitan*, 2009 WL 3244729, *7, succinctly summarized the state of the law and the relevant analysis:

> Under California law, a statute will only be deemed to contain a private right of action if the Legislature has manifested an intent to create such a right. *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988).
>
> The Perata Mortgage Relief Act was enacted relatively recently, and thus California courts have had little chance to examine its provisions. <u>Nevertheless, section 2923.6, passed along with section 2923.5, clearly does not create a private right of action. That section solely "creat[es] a duty between a loan servicer and a loan pool member</u>. The statute in no way confers standing on a borrower to contest a breach of that duty." *Farner v. Countrywide Home Loans*, No. 08cv2193 BTM (AJB), 2009 WL 189025, at *2 (S.D.Cal. Jan. 26, 2009). Other courts to consider this question have agreed unanimously with the Farner court. *See Tapia v. Aurora Loan Servs.*, LLC, No. 1:09-cv-01143 AWI (GSA), 2009 WL 2705853, at *1 (E.D.Cal. Aug. 25, 2009); *Anaya v. Advisors Lending Group*, No. CV F 09-1191 LJO DLB, 2009 WL 2424037, at *8 (E.D.Cal. Aug. 5, 2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1147, 1188, No. C 09-01615 JW, 2009 WL 2423703, at *7 (N.D.Cal. July 9, 2009); *Connors v. Home Loan Corp.*, No. 08cv1134-L (LSP), 2009 WL 1615989, at *7 (S.D. Cal. June 9, 2009).
>
> Whether or not section 2923.5 creates a private right of action, however, has not been the subject of unanimity among the courts. Only two courts have considered this question, and they have reached inconsistent results. *See Yulaeva v. Greenpoint Mortgage Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, at *14 (E.D. Cal. Sept. 03, 2009)

14

(assuming without deciding that section 2923.5 does not provide a private right of action); *Ortiz v. Accredited Home Lenders, Inc.*, 69 F. Supp. 2d 1159, 1166, No. 09 CV 0461 JM (CAB), 2009 WL 2058784, at *5 (S.D. Cal. Jul. 13, 2009) (finding section 2923.5 does contain a private right of action, as "the California legislature would not have enacted this 'urgency' legislation, intended to curb high foreclosure rates in the state, without any accompanying enforcement mechanism.").

Under California law, "courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention." *Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist.*, 9 Cal. App. 4th 644, 658 (1992). Thus, "if the Legislature intends to create a private cause of action, we generally assume it will do so directly, in clear, understandable, unmistakable terms." *Vicko Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 62-63 (1999), quoting *Moradi-Shalal*, 46 Cal. 3d at 294-295 (internal marks omitted).

Section 2923.5 contains no language that indicates any intent whatsoever to create a private right of action. Neither section 2923.5 or 2923.6 creates a private right of action.  Plaintiff offers no contrary authority or argument.

Plaintiff did not request leave to amend the Section 2923.5 claim.  The Countrywide Defendants' motion to dismiss the claim brought under California Civil Code Section 2923.5 is GRANTED WITHOUT LEAVE TO AMEND. Plaintiff has been previously afforded leave to amend the Section 2923.6 claim.  Countrywide Defendants' and Chase's motion to dismiss the Section 2923.6 claim is GRANTED WITHOUT LEAVE TO AMEND.

I. <u>Rosenthal Fair Debt Collection Practices Act</u>

The complaint next alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Section 1788.17 against all Defendants.  The RFCDPA was enacted to "prohibit debt

collectors from engaging in unfair and deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1.  Plaintiff's allegations simply list statutory language then conclude that Defendants violated each section.

"The law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA." *Collins v. Power Default Servs.*, Inc., No. 09-4838 SC, 2010 WL 234902, at *3 (N.D. Cal. Jan. 14, 2010)(collecting numerous cases). "Foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA." *Casteneda v. Saxon Mortgage Serve.*, Inc., 687 F. Supp. 2d 1191, 1197 (E.D. Cal 2009); *see also Gonzalez v. First Franklin Loan Servs.*, No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, at *7 (E.D. Cal. Jan. 11, 2010) ("Foreclosure related actions…do not implicate the RFDCPA.")  The conduct Plaintiff complains of concerns foreclosure related actions in connection with his residential mortgage.  This conduct is not covered by the RFDCPA.  For this reason, Plaintiff's RFDCPA claim is subject to dismissal.

Plaintiff has been previously afforded leave to amend the RFDCPA claim.  Countrywide Defendants' and Chase's motions to dismiss the RFDCPA claim are GRANTED WITHOUT LEAVE TO AMEND.

1  **J. Cal. Civ. Code § 1572**

2       Plaintiff's eleventh cause of action is against First Magnus

3  and MERS for violation of California Civil Code § 1572 (Actual

4  Fraud).  The complaint alleges:

5

6           The misrepresentations by Defendants and/or
            Defendants' predecessors, failures to disclose,

7           and failure to investigate as described above were
            made with the intent to induce Plaintiff to

8           obligate themselves on the Loan in reliance on the
            integrity of Defendants and/or Defendants'

9           predecessors.

10  (Compl. at ¶ 180).

11       In California, "[t]he elements of fraud, which give[] rise

12  to the tort action for deceit, are (a) misrepresentation (false

13  representation, concealment, or nondisclosure); (b) knowledge of

14  falsity (or scienter); (c) intent to defraud, i.e., to induce

15  reliance; (d) justifiable reliance; and (e) resulting damage."

16  *Small v. Fritz Companies, Inc.,* 30 Cal. 4th 167, 173 (2003)

17

18  (internal quotation marks omitted).  Plaintiff's fraud claim is

19  subject to Rule 9(b)'s elevated pleading standard.  *Vess v. Ciba-*

20  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

21       The allegations in the complaint fail to specify the "who,

22  what, when, where, and how of the misconduct charged."  *Kearns v.*

23  *Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 1120) (internal

24  quotation marks omitted).  The complaint provides no particular

25  details on *what* specific role First Magnus or MERS played in the

26  "scheme" to "fraudulently induce Plaintiff" to enter into his

27  loan transaction, or *when* and *where* the scheme occurred.  *See*

28  17

*Swartz,* 476 F.3d at 764-65 (concluding that, in a fraud suit involving multiple defendants, a plaintiff must "identif[y] the role" each defendant played "in the alleged fraudulent scheme," informing "each defendant separately of the allegations surrounding his alleged participation in the fraud") (alteration in original) (internal quotation marks omitted); *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (concluding that a fraudulent conspiracy claim failed to satisfy Rule 9(b) because, among other things, the pleading failed to "provide the particulars of when, where, or how the alleged conspiracy occurred").  In addition, the complaint fails to specify what particular misrepresentation was involved in the fraudulent scheme.  First Magnus, MERS, or any defendant, is not required to guess what particular misrepresentation(s) are at issue in the fraud claim.

Plaintiff's sixteenth cause of action restates the allegations from the eleventh cause of action against all Defendants and fails for the same reasons.

Plaintiff has been previously afforded leave to amend the Section 1572 claim.  He has not done so.  Countrywide Defendants' motion to dismiss the eleventh cause of action is GRANTED WITHOUT LEAVE TO AMEND.  Countrywide Defendants' and Chase's motions to dismiss the sixteenth cause of action are GRANTED WITHOUT LEAVE TO AMEND.

18

**K.** Real Estate Settlement Procedures Act

Plaintiff reasserts a RESPA claim against each Defendant, alleging: (1) "That the failure to respond to Plaintiff's RESPA constitutes a violation of 12 U.S.C. § 2607(b); and (2) Plaintiff has suffered damages actually and proximately caused by Defendants' violation of the within statute." (Doc. 16 at ¶¶ 196, 198). Plaintiff's claim against each Defendant is unfounded, as he only addressed a RESPA letter to BANA.

Just as Plaintiff's prior alleged RESPA claim failed to state a claim, this RESPA claim fails. The new claim does not allege who or how each Defendant violated RESPA. Instead the allegation simply affords the conclusion of law that the Defendants violated RESPA resulting in damages to the Plaintiff. Plaintiff did not request leave to amend the RESPA claim. Countrywide Defendants' and Chase's motions to dismiss this RESPA cause of action are GRANTED WITHOUT LEAVE TO AMEND.

**L.** Quiet Title

"[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) (citations omitted). Here, Plaintiff defaulted on the Subject Loan, and does not allege that he has since paid the outstanding balance.

Plaintiff has been previously afforded leave to amend the

19

claim for Quiet Title.  Countrywide Defendants' and Chase's motions to dismiss the fourth cause of action are GRANTED WITHOUT LEAVE TO AMEND.

**N.   Cal. Bus. & Prof. Code §17200**

Plaintiff asserts a claim under California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  "[A] plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition' to have standing to pursue either an individual or a representative claim under the California Unfair Competition Law." *Hall v. Time, Inc.,* 158 Cal. App. 4th 847, 849 (2008); *see also* Cal. Bus. & Prof. Code § 17204.

Defendants argue that Plaintiff did not state a claim under the UCL because: (1) "Plaintiff has not alleged sufficient facts under Fed. R. Civ. P. 8"; (2) Plaintiff did not allege statutory violations or allege that any conduct was unlawful, unfair, or fraudulent; (3) Plaintiff did not plead claims of fraud and misrepresentation with specificity; (4) Plaintiff did not state what money and property was lost.

The UCL prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Because the statute is written in the

disjunctive, it applies separately to business acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent.  *See Pastoria v. Nationwide Ins.,* 112 Cal. App. 4th 1490, 1496 (2003).  "Each prong of the UCL is a separate and distinct theory of liability; thus, the 'unfair' practices prong offers an independent basis for relief."  *Kearns,* 567 F.3d at 1127.

As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  *Chabner v. United Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000).  As to the "unfair" prong, "[a]n unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' "  *McDonald v. Coldwell Banker,* 543 F.3d 498, 506 (9th Cir. 2008) (quoting *People v. Casa Blanca Convalescent Homes, Inc.,* 159 Cal. App. 3d 509, 530 (1984)).  As to the fraudulent prong, "fraudulent acts are ones where members of the public are likely to be deceived."  *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1151-52 (9th Cir. 2008).  For UCL claims, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Khoury v. Maly's of Cal., Inc.,* 14 Cal. App. 4th 612, 619 (1993).

Plaintiff's UCL claim has several deficiencies.  First,

1    Plaintiff's UCL allegations do not specify the basis for his

2    claim, i.e., whether it is based on an unlawful, unfair, or

3    fraudulent practice, let alone state, with reasonable

4    particularity, the facts supporting the statutory elements of the

5    violation.   Second, to the extent Plaintiff asserts an UCL claim

6    based on a violation of other law, his complaint fails to state a

7    claim for a violation of law.   Accordingly, to the extent the UCL

8    claim is predicated on the violation of other law, it is

9    insufficiently pled.   Third, to the extent Plaintiff asserts a

10   UCL claim that is based on or grounded in fraud, it must meet the

11   requirements of Rule 9(b), *Kearns,* 567 F.3d at 1124-27, *Vess,* 317

12   F.3d at 1103-04, which it does not.   The complaint fails to

13   specify what particular role Defendants played in the fraudulent

14   scheme, when and where the scheme occurred, or details on the

15   specific misrepresentation(s) involved in the fraudulent scheme.

16        Plaintiff has been previously afforded leave to amend the

17   Section 17200 claim.   Defendants' motion to dismiss the Section

18   17200 cause of action is GRANTED WITHOUT LEAVE TO AMEND.

19   O.    Production of Original Note

20        The complaint's 15th cause of action against ReconTrust and

21   MERS alleges that no Defendant owns the note and therefore has no

22   right to foreclose. Doc. 16 ¶ 214.   As discussed above, this is

23   not the law in California.   Plaintiff's demand to produce the

24   note fails as matter of law for the reasons stated above.

Plaintiff did not request leave to amend this claim. Defendants' motion to dismiss the 15th cause of action is GRANTED WITHOUT LEAVE TO AMEND.

Q.   <u>Injunctive Relief</u>

Countrywide Defendants and Chase move to dismiss the last cause of action for injunctive relief on the grounds that: (1) injunctive relief is not a cause of action; and (2) it must be tethered to some independent legal duty owed by the defendant to the plaintiff.

Plaintiff alleges "Defendants threaten to, and unless restrained, will foreclose upon Plaintiff's home by conducting a trustee's sale or causing a trustee's sale to be conducted, or otherwise."  Doc. 16 at ¶ 229.  Plaintiff further alleges that "[i]njunctive relief is necessary to enjoin Defendants from foreclosing upon Plaintiff's home."  Doc. 16 at ¶ 231.

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356 (1981) (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)).  Here, as all of the substantive allegations have been dismissed, Plaintiff cannot obtain injunctive relief.

Plaintiff has been previously afforded leave to amend the claim for injunctive relief.  Countrywide Defendants' and Chase's

motions to dismiss the final cause of action are GRANTED WITHOUT PREJUDICE, but only if Plaintiff states a sufficient fraud claim.

**V. CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss are GRANTED in their entirety.

Plaintiff requests leave to amend to state a fraud claim against the Countrywide Defendants in connection with the alleged oral promise to modify the loan agreement.  Any amended complaint shall be filed within thirty (30) days of electronic service.  No claims may be reasserted against Chase.


SO ORDERED
Dated:  August 9, 2010

                              **/s/ Oliver W. Wanger**
                                 Oliver W. Wanger
                          United States District Judge