1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BERNARD F. CLARK,**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**COUNTRYWIDE HOME LOANS, INC., et al.,**<br><br>     **Defendants.** | **1:09-CV-01998-OWW-GSA**<br><br>**MEMORANDUM DECISION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS** |

**I. INTRODUCTION.**

Plaintiff Bernard F. Clark proceeds *pro se* with an action for damages against Defendants Countrywide Home Loans and Bank of America.

Defendant filed the original complaint in this action in state court on August 24, 2009. (Doc. 1). Defendants removed Plaintiff's action to federal court on November 12, 2009. Plaintiff subsequently filed a first amended complaint ("FAC").

On August 9, 2010, the court issued a Memorandum Decision dismissing the majority of Plaintiff's FAC with prejudice. (Doc. 45). Plaintiff was only given leave to amend his complaint in order to plead a fraud claim and a breach of contract claim. (Id.). Plaintiff filed a second amended complaint ("SAC") on September 9, 2010. (Doc. 47).

**1**

1    Defendants filed a Motion to Dismiss the SAC and Motion to
2  Expunge Lis Pendens on September 27, 2010.  (Docs. 50, 52).
3  Plaintiff filed opposition to Defendants' motions on October 25,
4  2010.  (Docs. 55, 56).  Defendants filed a reply on November 15,
5  2010.  (Doc. 57).

6                  **II.  FACTUAL BACKGROUND.**

7    On or about July 26, 2007, Plaintiff financed the purchase of
8  a residential property located at 12689 Mt. Jefferson Street,
9  Groveland, California ("Subject Property") through a promissory
10 note secured by a deed of trust.  The SAC alleges that before loan
11 closing, the lender orally assured Plaintiff that if he was unable
12 to satisfy his mortgage obligation, he would receive a loan
13 modification based on his income.

14    In 2008, Plaintiff defaulted on his mortgage and called
15 Countrywide Home Loans ("Countrywide") to discuss a possible
16 solution.  Countrywide orally told Plaintiff that if he brought his
17 loan current, Countrywide would enter into a loan modification
18 agreement with him. On or about June 16, 2008, Plaintiff borrowed
19 money and brought his loan current, but Countrywide refused to
20 enter into a loan modification agreement.

21                  **III.  LEGAL STANDARD.**

22    Dismissal under Rule 12(b)(6) is appropriate where the
23 complaint lacks sufficient facts to support a cognizable legal
24 theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
25 (9th Cir.1990).  To sufficiently state a claim to relief and
26 survive a 12(b)(6) motion, the pleading "does not need detailed
27 factual allegations" but the "[f]actual allegations must be enough
28 to raise a right to relief above the speculative level." *Bell Atl.*

**2**

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss,

1  if a district court considers evidence outside the pleadings, it

2  must normally convert the 12(b)(6) motion into a Rule 56 motion for

3  summary judgment, and it must give the nonmoving party an

4  opportunity to respond." *United States v. Ritchie*, 342 F.3d 903,

5  907 (9th Cir. 2003). "A court may, however, consider certain

6  materials-documents attached to the complaint, documents

7  incorporated by reference in the complaint, or matters of judicial

8  notice-without converting the motion to dismiss into a motion for

9  summary judgment." *Id*. at 908.

10  **IV. DISCUSSION.**

11  Although the Memorandum Decision specifically advised

12  Plaintiff that he was granted leave to amend the complaint only to

13  state a cause of action for fraud, the SAC asserts a cause of

14  action for "breach of loan modification and contract." The breach

15  of contract claim advanced in the SAC is indistinguishable from the

16  claim dismissed in the Memorandum Decision. The Memorandum

17  Decision provides:

18  Certain types of contracts are invalid unless
    memorialized by a written document signed by the party
19  against whom the contract is being enforced. Cal. Civ.
    Code § 1624. Mortgages and deeds of trust are subject to
20  the statute of frauds. *Secrest v. Sec. Nat"l Mortg. Loan
    Trust 2002-2*, 167 Cal. App. 4th 544, 552 (2008). "An
21  agreement to modify a contract that is subject to the
    statute of frauds is also subject to the statute of
22  frauds" and must be in writing. *Id*. at 553; *see also
    Basham v. Pac. Funding Group*, 2010 WL 2902368 (E.D. Cal.
23  July 22, 2010)(dismissing a claim that defendant breached
    an oral contract to provide plaintiffs with a loan
24  modification because, under the statute of frauds,
    "absent a writing, there can be no contract, much less a
25  breach of contract."); *Justo v. Indymac Bancorp, et al.*,
    2010 WL 623715 (E.D. Cal. Feb. 19, 2010)(plaintiff"s
26  claim that defendants breached an oral contract to modify
    his loan and cancel the foreclosure sale was barred by
27  the statute of frauds). A written contract may not be
    modified by an oral agreement, unless that oral agreement
28  is memorialized in writing and signed by the parties.

**4**

1    Cal. Civ. Code § 1698.

2    Here, the alleged promise for a loan modification is
     subject to the statute of frauds. Absent a written
3    agreement to modify the loan, any claim based upon an
     oral contract to modify the loan is barred by the statute
4    of frauds. See Secrest, 167 Cal. App. 4th at 552.

5    At oral argument, Plaintiff claimed that Countrywide
     promised him that if he brought the loan current, they
6    would modify his loan. Plaintiff further claims that, in
     reliance on this promise, he obtained money
7    (approximately $8,000) to bring the loan current, but
     Countrywide refused the loan modification. Although
8    Plaintiff cannot state a breach of contract claim based
     upon this conduct, he may be able to state a claim for
9    fraud. In California, the elements for a claim of fraud
     are: (1) misrepresentation; (2) knowledge of falsity; (3)
10   intent to defraud; (4) justifiable reliance; and (5)
     resulting damage. *Small v. Fritz Companies, Inc.*, 30 Cal.
11   4th 167, 173 (2003). Upon removal to federal court, all
     claims for fraud must be pled with sufficient
12   particularity to satisfy Federal Rule of Civil Procedure
     Rule 9(b).

13

14   (Memorandum Decision at 7-8). Despite the guidance provided to

15   Plaintiff in the Memorandum Decision, the SAC fails to allege that

16   any Defendant made any knowingly false representation with the

17   intent to defraud Plaintiff and has not complied with the

18   particularity requirements of Rule 9 by alleging the who, what

19   where, and inducement requirements. Under well-established

20   principles, a contract cannot be enforced when there is no

21   consideration. A promise to perform a pre-existing obligation does

22   not constitute consideration and there is no right to enforce such

23   an alleged promise. Plaintiff has had multiple opportunities to

24   amend his complaint and has failed to state any cognizable claim.

25   Accordingly, the SAC is dismissed, with prejudice. Further, as

26   Plaintiff has not asserted any claim that implicates title to the

27   property underlying the Subject Loan, Defendants' motion to expunge

28   lis pendens is GRANTED.

**5**

1

**ORDER**

2      For the reasons stated, IT IS ORDERED;

3      1) Plaintiff's SAC is DISMISSED, without prejudice, Defendant

4      will have one more opportunity to amend the complaint;

5      2) Defendants Motion to Expunge Lis Pendens is GRANTED, and

6      3)Defendants shall submit a form of order consistent with this

7      Memorandum Decision within five (5) days following electronic

8      service of this decision.

9

10   IT IS SO ORDERED.

11   **Dated:    December 2, 2010                    /s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28